STATE OF NEW JERSEY, RESPONDENT, v. ALBERT L. GREEN, PROSECUTOR.

Argued June 7, 1921—Decided November 1, 1921.

1. A person cannot be charged and convicted of the crime of keeping a disorderly house, except on the presentment or indictment of a grand jury, as the crime is one indictable at common law and in such cases every person is protected from prosecution except in the manner aforesaid by article 1, section 9 of the constitution of this state.
2. A conviction under a borough ordinance of the keeping of a disorderly house is invalid as an invasion of the constitutional rights guaranteed to every person under article 1, section 9 of the state constitution.

On *certiorari.*

Before Justices SWAYZE, BLACK and KATZENBACH.

For the prosecutor, *Martin P. Devlin.*

For the state, *Richard Stockton 3d.*

The opinion of the court was delivered by

KATZENBACH, J. The writ of *certiorari* allowed in this cause brings before this court for review the conviction of the

prosecutor, Albert L. Green, before the recorder of the borough of Princeton, of the crime of keeping a disorderly house. On March 20th, 1921, the mayor of Princeton and others, at about one A. M., entered the premises of Green and found a number of men sitting about tables with dice, cards and money, engaged in gaming. On the following day a complaint was made against Green by the mayor, charging Green with the keeping and maintaining of a house and place of public resort where gambling was practiced by playing with cards and dice contrary to and in violation of the first section of an ordinance of the borough of Princeton entitled "An ordinance concerning disorderly houses." The first section of this ordinance, passed November 3d, 1873, provides as follows: "Be it enacted by the mayor and council of the borough of Princeton, that any shop, house or place of public resort, where gambling is practiced by playing with cards, dice, quoits, pennies or other things for liquor, money or the value of money, shall be held to be a disorderly house." The second section of the ordinance provides that one convicted of the offence of keeping a disorderly house shall be fined a sum not exceeding $100, or be imprisoned in the county jail for a term not exceeding sixty days, at the discretion of the convicting magistrate. The prosecutor, upon the complaint made against him, was tried by the borough recorder on March 21st, 1921, convicted and sentenced to thirty days in the county jail. A writ of *certiorari* was then applied for and allowed.

The first contention urged by the prosecutor against the validity of his conviction is that the said ordinance of the borough of Princeton is unlawful, unconstitutional and an invasion of the constitutional rights guaranteed him by the state constitution. We consider this point well taken. The revised charter of the borough of Princeton (*Pamph. L.* 1873, *p.* 567) gave to the borough council no express power to enact such an ordinance. Neither do we find any statute giving such power to the municipality. If the charter or a statute did purport to grant such power, it would be unavailing. The keeping of a disorderly house is a crime indictable at the

common law. Article 1, section 9 of the state constitution declares that "no persons shall be held to answer for a criminal offence unless on the presentment or indictment of a grand jury, except in cases of impeachment or in cases cognizable by justices of the peace," &c. The purpose of this clause is admirably stated by Chief Justice Beasley in the case of *State* v. *Anderson,* 40 *N. J. L.* 224, in the following language:

"The purpose of this clause was to prevent the bringing of any citizen under the reproach of being arraigned for crime before the public, unless, by a previous examination, taken in private, the grand inquest had certified that there existed some solid ground for making the charge. It took from the law officer of the state, the attorney-general, one of the established prerogatives of his office, that of filing his information against supposed offenders and thus putting them on trial at his own volition. The reputation of every man was thus put under the care of a single specified body. The language of the constitutional clause is very comprehensive, and the specified exceptions show conclusively that it was intended to cover the residue of the entire field of criminal accusation."

It was therefore impossible to legally place on trial the prosecutor in this case before the borough recorder on the charge of keeping a disorderly house, an offence which the prosecutor was entitled to first have presented to the grand jury. The case of State *v.* Anderson was followed in the case of *Atlantic City* v. *Rollins,* 76 *N. J. L.* 254, in which the circumstances are almost identical with the case under review.

The conviction is set aside, with costs.